[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' OBJECTION TO ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE (#125)
1. The defendants' first objection attacks the factual findings of the attorney trial referee (hereinafter "ATR"). It is noted that the claims in this regard are identical to those made in the defendants' Motion to Correct which the ATR denied. The only recognized method by which to attack findings of fact in an ATR report is to file "Exceptions To The Report or Finding" together with a transcript of the evidence. The defendants have done neither and so the court has no basis upon which to correct any finding of fact. P. B. § 19-13.
2. The defendants' attempt to distinguish Marsh, Day andCalhoun v. Solomon, 204 Conn. 639 (1987) is unavailing. First, there is nothing in the opinion of the Supreme Court which makes the attorney's lien dependent upon the attorney being "fired". Secondly, as stated above, no transcript has been provided pursuant to which the court could find that the plaintiff "was anxious to rid himself of the client". CT Page 10753
3. The defendants have failed to provide the court with any analysis as to how the ATR "failed to give sufficient effect" to certain reported decisions of our courts. The defendants have offered no discussion. They merely make a conclusory assertion.
4. The defendants have failed to state how the fact that they were represented by counsel militated against their knowing, voluntary act of signing the note. Representation by counsel has always been a factor which a court is entitled to consider in assessing whether an act was done under duress.
The court finds no reason why the report should not be accepted. Judgment may enter for the plaintiff in accordance with the report as follows: Practice Book § 19-17
Principal $4,500.00
Interest to 8/31/98 $ 832.71
Total $5,332.71
Attorney's fees $1,300.00.
THE COURT,
MOTTOLESE, JUDGE